# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO: 12-51176-399 |
| | ) | |
| Craig Spruill, | ) | CHAPTER 11 |
|     Debtor, | ) | |
| | ) | |
| _____ | ) | |

## MOTION TO APPROVE DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION; BALLOT COUNTING PROCEDURES FOR <u>PLAN OF REORGANIZATION</u>; AND FORM OF BALLOT

Debtor Craig Spruill, debtor and debtor-in-possession (the "Debtor"), for its Motion for Order: (i) Approving its Disclosure Statement (the "Disclosure Statement") in support of its Plan of Reorganization (the "Plan"); (ii) its ballot counting procedures for voting on the Plan; and (iii) the form of ballot, states as follows:

    1.    Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on November 20, 2012 (the "Petition Date").

    2.    Debtor continues to manage his property and business interests as a debtor-in-possession pursuant to Sections 1107 and 1108.

    3.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue of the case and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

    4.    Debtor has filed its Disclosure Statement and Plan of Reorganization (the

"Plan") on March 2, 2013.

5. Capitalized terms used herein shall have the meaning as set forth in the Disclosure Statement and Plan, as the case may be, unless otherwise defined herein.

6. One of the fundamental policies underlying the Chapter 11 reorganization process is disclosure. Debtor submits that the Disclosure Statement provides the information necessary to allow creditors to make an informed decision with respect to the Plan, as described below.

(a) The circumstances that gave rise to the filing of the bankruptcy petition: In Section IV of the Disclosure Statement, Debtor details the significant events leading to the Chapter 11 filing, including Debtor's injuries from being shot while in the middle of a fight outside Debtor's commercial property.

(b) A description of the Debtor's assets and their value, and the Section entitled "History and Description of Debtor's Financial Condition details Debtor's assets. The Section entitled "Financial Information" details Debtors assets and liabilities as of the Petition Date. As of the Petition Date, the book values of the Debtor's total Assets were approximately $254,950.00. As of the Petition Date, Debtor's total liabilities were approximately $2,784,306.34. The Plan will be funded in part from the income derived from Debtor's Business operations and from investor infusion of cash into the buisness. Debtor does not anticipate exit financing.

(c) As detailed throughout the Plan and Disclosure Statement, Debtor's intent is to reorganize and continue his business pursuits. All Allowed Claims will be paid by Reorganized Debtor as provided in the Plan. Cash flow projections for the first six months of the Plan are attached as Exhibit 1 to the Disclosure Statement.

(d) A disclaimer, which typically indicates that no statements or information concerning the Debtor or his assets or securities are authorized, other than those set forth in the disclosure statement: the disclaimer language appears in all capital letters on the first page of the Disclosure Statement.

(e) Information retgarding claims against the estate and an estimate of all administrative expenses, including attorneys' fees and accountants' fees: All quantification and descriptions of claims were derived from a combined review of Debtor's books, records and contracts, an analysis of the Proofs of Claim filed in the Debtor's case and a comparison between them and the Debtor's books and records and information provided by creditors and their counsel.

(f) A liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7: Page 7 of the Disclosure Statement, the "Liquidation Analysis" explain the liquidation analysis, and Debtor estimates that the recovery for Unsecured Claims in the Chapter 11 Case would be 10% more than they would be had Debtor simply surrendered its assets to its creditors.

(g) A summary of the Plan of Reorganization: The "Plan Summary" is contained on Page 8 of the Disclosure Statement.

7. In connection with the Plan, the Debtor must distribute ballots for accepting or rejecting the Plan to each Class of Creditors. By this Motion, the Debtor requests that this Court approve the form of ballot, a copy of which is attached as <u>Exhibit A</u> and incorporated by reference.

8. Parties in interest often cast ballots without fully completing the ballot form or in claim amounts that are inconsistent with their proofs of claim or the Debtor's

bankruptcy schedules. Debtor proposes that the following standards be used in counting the ballots for the Plan:

- (a) Unsigned ballots shall not be counted.

- (b) Ballots received after the voting deadline shall not be counted.

- (c) No more than one vote shall be counted for each ballot form received.

- (d) Each entity shall only be allowed to cast one ballot in each class. If more than one ballot is cast by an entity, only the first ballot received shall be counted. If it cannot be determined which ballot was received first, no ballot shall be counted.

- (e) No entity shall be permitted to cast a ballot on behalf of another entity, by proxy or otherwise.

- (f) Ballots cast on transferred claims shall be counted only if the requirements of Federal Rule of Bankruptcy Procedure 3001(e) have been complied with prior to the voting deadline.

- (g) If a ballot does not indicate whether it is an acceptance or rejection of the Plan, it shall be counted as an acceptance of the Plan.

- (h) If no class is specified on the ballot, it shall be counted as a Class 8 ballot.

- (i) If more than one class is specified on the ballot, it shall be counted only as a vote in Class 8.

- (j) The claim amount stated on a ballot shall not be counted as the voted claim amount only if either:

    - (i) the claimant has filed a proof of claim in at least the ballot

amount which has not be objected to or for which any objection has been resolved by an order of the Bankruptcy Court; or

(ii) the claimant is included in the Debtor's schedules with a claim in at least the ballot amount which is not scheduled as either disputed, contingent or liquidated.

(k) In all other cases, the voted claim amount shall be the greater of:

(i) the amount of the claimant's filed proof of claim which has not been objected to or for which any objection has been resolved by an order of the Bankruptcy Court; or

(ii) the amount stated in Debtor's schedules for the voter if it has not been scheduled as either disputed, contingent or un-liquidated.

(l) A ballot shall not be counted if the entity casting it has neither:

(i) filed a proof of claim prior to the voting deadline to which no objection has been filed or for which any objection has been resolved by an order of the Bankruptcy Court; nor

(ii) been included as a creditor in the Debtor's schedules with a claim that is not listed as either disputed, contingent or un-liquidated.

WHEREFORE, Debtor respectfully requests that the Court approve the Disclosure Statement; approve the foregoing standards for casting ballots on the Plan; approve the form of ballot for Classes 1 through 6; permit this Motion to be heard on April 3, 2013 at 2:00 p.m.; and for such other and further relief as the Court deems just and proper.

DATED: March 8, 2013 _____/s/ Rochelle D. Stanton_____
ROCHELLE D. STANTON, MO Bar #49641
Attorney for Debtor, Fed.Bar #49641MO
745 Old Frontenac Square, Ste. 202
Frontenac, MO 63131
(314) 991-1559
(314) 991-1183 Fax
rstanton@rochellestanton.com

# EXHIBIT A

# FORM OF BALLOT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**

IN RE:  Case No. 12-51176-399

Craig Spruill,

Chapter 11

      Debtor and Debtor-in-Possession.

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORGANIZATION

Craig Spruill, the Debtor, filed a Plan of Reorganization and a Disclosure Statement dated March 2, 2013 (the "Plan") for the Debtor in this case. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Spruill's Properties Disclosure Statement, you may obtain a copy from Rochelle D. Stanton, Attorney at Law, 745 Old Frontenac Square, Suite 202, Frontenac, Missouri, 63131 (telephone: 314-991-1559, facsimile: 314-991-1183). Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class __ under the Plan. If you hold claims or equity interests in more

than one class, you will receive a ballot for each class in which you are entitled to vote. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

A creditor whose claim has been allowed in part as a secured claim or in part as an unsecured claim shall be entitled to accept or reject a plan in both capacities, but should cast separate ballots for each class in which it intends to vote. If a creditor does not include its allowed claim amount on the ballot, the Proponent will count the ballot in: (a) the amount allowed by an order of the Bankruptcy Court; (b) if the claim has not been allowed by a Bankruptcy Court order, in the undisputed, non-contingent, liquidated amount provided for that creditor's claim in the bankruptcy schedules; and (c) if the claim has not been allowed by an order and is scheduled as either disputed, contingent or unliquidated, in the amount of zero.

If your ballot is not received by Rochelle D. Stanton, Attorney at Law, at the address shown below on or before **March 26, 2013**, and if such deadline is not extended, your vote will not count as either an acceptance or a rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class ___ claim against the Debtor in the amount of $_____ Dollars

(Check one box only)

❏ ACCEPTS THE PLAN        ❏ REJECTS THE PLAN

Dated: _____

Print or type name. _____
Signature: _____
Title (if corporation or partnership) _____
Address:
_____

RETURN THIS BALLOT TO:   Rochelle D. Stanton
Attorney at Law
745 Old Frontenac Square, Suite 202
St. Louis, Missouri 63131
314-991-1559
314-991-1183 facsimile
rstanton@rochellestanton.com