UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-51176-399 |
| Craig Spruill | ) | Chapter 11 |
| | ) | |
| | ) | The Honorable Barry S. Schermer |
| | ) | Hearing Date: April 3, 2013 |
| Debtor. | ) | Hearing Time: 2:00 p.m. |
| | ) | |

### OBJECTION BY THE UNITED STATES TRUSTEE TO DEBTOR'S DISCLOSURE STATEMENT

NOW COMES Nancy J. Gargula, United States Trustee for the Eastern District of Missouri (hereinafter referred to as the "U.S. Trustee"), by her attorney Martha M. Dahm, and, pursuant to §1125 of the Bankruptcy Code, 11 U.S.C.§ §101 et seq. (hereinafter referred to as the "Code"), moves this Court for entry of an order requiring Debtor to amend his disclosure statement. In support thereof, the U.S. Trustee states as follows:

### CRITERIA FOR DISCLOSURE

Section 1125 of the Code prohibits the solicitation of acceptances of a plan unless an approved disclosure statement is transmitted to creditors. Bankruptcy Rule 3016 requires the filing of a disclosure statement with the plan of reorganization or within a time fixed by the Court. The Court is charged with the responsibility, pursuant to Section 1125(b) of the Code, for approving, after a notice and hearing, the disclosure statement as containing adequate information.

Section 1125(b) of the Code and developing case law provide the Court with specific criteria to determine whether a disclosure statement contains adequate information. Section 1125(a) states: "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably

practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interest of the  relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan...

11 U.S.C. Section 11245(a)(1)

Relevant factors for evaluation the adequacy of a disclosure statements may include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name or accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or s summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan; (15) information relevant to risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or other voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.  In re A.C. Williams Co., 25 B.R. 173 (Bankr. N.D. Ohio 1982);  William F. Gable Co. 10 B.R. 248 (Bankr. W. Va. 1981), and  In re Coastal Realty Investments, Inc., 2013 WL 214235 (Bankr. S.D. Ga. January 17, 2013).

    The instant disclosure statement fails to meet several elements of the criteria discussed above.

## OBJECTIONS

(1)     This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. §157(b)(2)(A) which this Court may hear and determine pursuant to Rule 81-9.01(B)(1) of the United States District Court for the Eastern District of Missouri.

(2)     On or about March 2, 2013, Debtor filed his disclosure statement in this case. On or about March 2, 2013, Debtor filed his plan of reorganization in this case.

(3)    The disclosure statement does not contain adequate information to allow parties to make an informed decision about the plan of reorganization. There is inadequate financial information provided regarding the operations of the debtor pre-petition and post confirmation.

(4)    The disclosure statement should include a projection of the income and expenses of the debtor after confirmation, including the payments to creditors contemplated in the plan.

(5)     The disclosure statement does not adequately disclose the amount of money required for disbursement at confirmation.

(6)    The disclosure statement does not discuss whether debtor will deposit the consideration contemplated to be distributed at confirmation prior to confirmation.

(7)    The disclosure statement does not discuss whether the debtor will escrow funds sufficient to pay creditors whose claims are not successfully objected to.

(8)    The disclosure statement does not adequately describe all pending litigation and the effect on Debtor's plan.

(9)  The disclosure statement  mentions International Catering and International Catering North as the managing entities for the Debtor but the disclosure statement fails to give adequate financial information about International Catering and International Catering North to enable creditors to determine whether these relationships are in the best interest of the estate.

(10)  The disclosure statement incorrectly states that the U.S. Trustee shall be discharged under Section 350 of the Code once the plan is confirmed.

(11) The disclosure statement states that the vendors will be paid if the Debtor can obtain capital. No additional information is given.

(12) The disclosure statement lists a class 6, as interests of the individual debtor, without further information and Debtor's plan lists the Debtor as a limited liability company.

(13) The disclosure statement fails to address the Court's jurisdiction over the estate and the disclosure statement fails to address the discharge provisions of the Code.

(14) The disclosure statement is illusory and contains financial contingencies which are not clearly spelled out, it is impossible for creditors to make an informed judgment regarding Debtor's plan of reorganization. In re Victor Foods, Inc., 102 B.R. 727 (Bankr. E.D. MO. 1989).

(15) Based on the foregoing, the United States Trustee believes that due cause exists to require Debtor to amend his disclosure statement accordingly.

WHEREFORE, the United States Trustee prays for an order requiring Debtor to amend his disclosure statement due to Debtor's failure to file an adequate disclosure statement pursuant to Section 1125, and for such other and further relief as this Court deems just.

        Respectfully submitted,

        NANCY J. GARGULA
        UNITED STATES TRUSTEE

    by: /s/ Martha Dahm_____
        Martha M. Dahm, Trial Attorney
        Missouri Bar #35410, Federal Bar # 32791
        111 South 10th St., Rm. 6353
        St. Louis, MO 63101
        (314) 539-2982/Fax (314) 539-2990
        Email Address: martha.m.dahm@usdoj.gov.

CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing document was served on March 12, 2013, by electronic filing in the CM/ECF system of the U.S. Bankruptcy Court Eastern District of Missouri to those names listed on the service list and to the following parties by first-class mail:

Rochelle D. Stanton
745 Old Frontenac Square, Ste. 202
Frontenac, Mo 63131

Andrew G. Neill
222 South Central Avenue, Suite 202
St. Louis, Mo 63105