UNITED STATES BANICRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

IN RE:

                                                 Case No. 12-51176-399

CRAIG SPRUILL, An Individual,
                Debtor.                          Chapter 11

DISCLOSURE STATEMENT DATED
APRIL 2, 2013

    Craig Spruill, An individual Debtor, submits the following Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code:

INTRODUCTION

      Craig Spruill, Debtor in possession under Chapter 11 of the Bankruptcy Code provides this Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code to all known claimants, creditors and security holders (hereinafter collectively "Creditors"). The purpose of the Disclosure Statement is to disclose that information deemed by the Debtor to be material, important and necessary for the Creditors to arrive at a reasonable informed decision in exercising his/her/its right to vote for the acceptance of Debtor's Plan of Reorganization, the Plan filed by Debtor as part of his Chapter 11 case. **The Court has set _____ for hearing on the approval of the Plan**. Creditors may vote on the Plan filling and mailing the enclosed Ballot to counsel for the Debtor:

    Rochelle D. Stanton, Esq.
    Attorney for Debtor
    745 Old Frontenac Square, Ste. 202
    Frontenac, MO  63131

    As a creditor your vote is important. **EXCEPT WHERE OTHERWISE STATED, THIS DISCLOSURE STATEMENT HAS BEEN PREPARED FROM INFORMATION SUBMITTED BY THE DEBTOR.**

    **NO REPRESENTATIONS CONCERNING THE DEBTOR is AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STAQTEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE ANY CREDITOR'S ACCEPTANCE THAT is OTHER THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY ANY CREDITOR IN ARRIVING AT his DECISION.**

The information contained herein has not been subject to a certified audit. For that reason, Debtor is unable to make any warranties concerning the accuracy of the information contained herein, although reasonable efforts have been made to assure the accuracy of this Statement. The source of the information contained in the disclosure statement is Tax Returns filed by the Debtor, Profit and Loss Statements provided by Debtor's Certified Public Accountant, as well as projections provided by the Debtor.

The Court may, on the request of Debtor, confirm the Plan over the objections of holders of impaired claims provided that the Plan does not discriminate unfairly among classes, and if the Plan is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

HISTORY AND DESCRIPTION OF DEBTOR'S FINANCIAL CONDITION

The majority of the facts in this case are uncontroverted. Debtor Craig Spruill was, prior to the date of filing, the owner of a Missouri Limited Liability Company, Spruill's, operating an event venue known as The Ambassador. Debtor also is the principal shareholder in a Corporation located in the City of St. Louis operating as a Nightclub, Spruill's. There is only one location where the business is open and operating, The Ambassador, 9800 Halls Ferry Road, St. Louis, Missouri. Spruill's, the nightclub in the City of St. Louis, is presently closed due to tax debt owed to the State of Missouri. The Debtor obtained three loans from Community South Bank, initially to purchase the commercial building in St. Louis County where the business is operating, then to obtain working capital with which to operate his two businesses. Debtor Craig Spruill personally guaranteed the loans secured by the commercial buildings referenced above, and Debtor also granted the lienholder a valid security interest in Debtor Craig Spruill's residence, located at 11507 Philmar in St. Louis, Missouri, and with commercial real property located at 2625 Stoddard Street, St. Louis City, Missouri.

Debtor, as a result of several lawsuits filed against the Debtor and the properties under Debtor's control located both in St. Louis County and St. Louis City, resulted in the severe financial difficulties Debtor is forced to deal with at present. Debtor's income and profits were required to pay judgments in excess of $115,000.00 in order to settle Personal Injury Judgments. Additionally Debtor Craig Spruill was seriously injured in a fight outside Debtor's commercial property located in St. Louis City, at which time he was shot, and for a period of time, approximately four months, was unable to operate his businesses. This debtor is liable for tax debts, notably taxes due to the Internal Revenue Service and the Missouri Department of Revenue.

The business operations of Debtor are managed by International Catering, for the property located in the City of St. Louis, and International Catering North for the property located in St. Louis County. Debtor's businesses are comprised of operating an Event Venue and Catering in the St. Louis County property. Debtor has had notable musicians and groups appear and perform in this venue. Debtor's management company holds a liquor license and provides food for these two business locations. If Debtor can obtain capital to pay his vendors, who will not extend credit to Debtor or his management company, this venue would be profitable. Debtor oversees the operations of The Ambassador on a daily basis. The business operations are presently closed, but Debtor believes that the Nightclub will be open shortly. Debtor has likewise had live musicians and artists perform at this venue, which has been operating more than twenty years.

2

International Catering North, the corporation that operates The Ambassador and Spruill's Nightclub, is partnering with Setting the Pace Promotions, a Corporation organized in Cordova, Tennessee that specializes in Entertainment Industry Consulting, Marketing and promotions of new R&B and Hip Hop Artists, and Radio and Club Promotions. This Corporation had gross revenues in 2011, the last calendar year for which a tax return was filed, of more than Nine Hundred Thousand Dollars ($900,000.00), and their gross revenue exceeded this amount in 2012. Setting the Pace Promotions will partnership with International Catering North to fund the operations of International Catering North, Spruill's Properties and Stoddard Street Redevelopment Corporation, who owns the Nightclub known as Spruill's in the City of St. Louis. Setting the Pace Promotions will make an initial contribution to International Catering North of $150,000.00 in exchange of a Fifty Percent (50%) ownership in International Catering North. The costs of the operations of the partnership shall be borne equally between International Catering North and Setting the Pace Promotions; the profits of the business shall be divided Forty Percent (40%) to International Catering North and Sixty Percent (60%) to Setting the Pace Promotions.

The influx of capital will be directed at 1) paying Sales Tax and Real Estate Tax as needed to reopen Spruill's Nightclub in the City of St. Louis; 2) payments to **Community South Bank** to negotiate new contracts with the Bank; 3) Upgrading facilities at the event venue on Halls Ferry Road. Additional revenue will be generated from nightclub operations, catering, and concerts at both the Stoddard Street and Halls Ferry locations. Debtor is addressing issues of security, particularly in the City of St. Louis, to insure that each venue will provide safe and secure entertainment for its patrons as well as the community in close proximity to these locations. Debtor will profit from the partnership between Setting the Pace Marketing and Promotions and International Catering North in that the infusion of capital into International Catering North with increase the business income available to Debtor to cover the payments due to creditors of Craig Spruill, and to increase profits from business operations.

FINANCIAL INFORMATION

**The principal tangible assets of Craig Spruill are as follows:**

Real property located at:
- 11507 Philmar, St. Louis County, Missouri valued by Debtor at $160,000.00;
- 4577 Carter, St. Louis City, Missouri, valued by Debtor at $32,000;
- 5407 Queens Avenue, St. Louis City, Missouri, valued by debtor at $30,100. Debtor has an equitable interest in this rental property, presently in the hands of a Trustee.

Personal property consisting of:

1. Cash, Security Deposits and Bank deposits estimated by Debtor at $100.00;

2. Household furniture and furnishings, clothing, a guitar and some jewelry, valued collectively at $4,750.00 at the time of filing;

3. Sole shareholder in Stoddard Street Redevelopment, Inc;

4. Owner of Spruill's Properties, Inc;

5. Owner of three motor vehicles, a 2008 Cadillac STS, valued at $14,000.00, a 2004 Cadillac Escalade, valued at $11,000, and a 2001 Cadillac Seville, valued at $3,000;

6. A Worker's Compensation Claim, lawsuit filed, but not yet settled.

Debtor has no accounts receivable.

The principal liabilities of Craig Spruill are as follows:

Secured Promissory Notes (Three Notes) to **Community South Bank** in the present amount of approximately $873,521.47 which is secured by deeds of trust on the real property located at 11507 Philmar, St. Louis County, which is Debtor's residence, 9800 Halls Ferry Road, St. Louis, Missouri and 2625 Stoddard Street in St. Louis City. There is an additional unsecured amount owed in the approximate sum of $1,734,752.80.

Secured Promissory Note in favor of **Regions Mortgage** in the present amount of approximately $60,000.00 which is secured by a deed of trust on the real property located at 11507 Philmar, St. Louis County, which is Debtor's residence.

$17,444.22 owed to Ally Financial, secured by Debtor's 2008 Cadillac STS and 2004 Cadillac Escalade.

$10,571.63 non secured priority tax debt owed to the Internal Revenue Service.

$30,639.65 non secured priority tax debt owed to the Missouri Department of Revenue.

General unsecured non-priority debt owed in the approximate sum of $57,376.57.

**SUMMARY OF THE PLAN**

### Class 1.

All administrative expenses as provided by 11 U.S.C. Section 503b including, but not limited to all compensation allowed to the attorneys, accountants and other professional persons employed by the Debtor, or otherwise rendering services of benefit to the Debtor, and all other debts and obligations incurred by the Debtor on a post-petition basis that is necessary or essential to the Debtor or his reorganization. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

### Class 2.

- The claims of **Community South Bank** and **Regions Mortgage**, to the extent allowed as secured claims under § 506 of the Code.

### Class 3.

- The claims of **Ally Financial** to the extent allowed as a secured claim under § 506 of the Code.

### Class 4.

- The claims of the **Internal Revenue Service** and the **Missouri Department of Revenue** to the extent allowed as unsecured priority claims under § 507 of the Code.

### Class 5.

- All unsecured claims, including any and all deficiency claims, claims of secured creditors whose liens or security interests have been invalidated, deficiency claims, and claims arising from the rejection of executory contracts and leases as allowed under §502 of the Code.

### Class 6.

- The interests of the Debtor in property of the estate.

**Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Administrative Claims | This claim is Unimpaired. | Debtor will pay the amounts due on Administrative Claims as a priority over a period of twelve months after Confirmation |
| Class 2 - Secured Claims secured by Interests in real property owed to Community South Bank | This claim is impaired. | Debtor shall commence monthly payments to lienholder beginning with the payments due April 1, 2013 with an initial deposit of $50,000, with payments thereafter of interest only on the outstanding secured principal balance for a term of twelve months. Thereafter, payments of principal and interest will resume, until the full balance due will be paid in full. The secured portion of the debt shall bear interest at the rate of five percent per annum. The lien against the Debtor's real property shall remain in full force and effect, and be binding upon the Debtor. Debtor will continue to own and manage the real property. |
| Secured Claim secured by Interests in real property owed to Regions Mortgage | This claim is unimpaired. | Debtor shall continue to make monthly payments to lienholders beginning with the payments due April 1, 2011 and continuing thereafter in accordance with the terms of the secured instruments until such time that the |

| | | |
|---|---|---|
| | | debts are each paid in full. Except as expressly modified by the terms of this Plan, all terms, covenants and provisions of the any Note, Deed of Trust and any other instrument or document related to or executed in connection with any real property retained by Debtor shall remain in full force and effect and be binding upon the Debtor. |
| Class 3 - Secured Claims in motor vehicles | These claims are impaired. | The secured portion of the claim shall be paid in full with statutory interest within forty-eight(48) months after confirmation of Debtor' Chapter 11 Plan, with the final payment on such secured claim due and payable on or about August 1, 2015. The unsecured portion of this claim shall be paid in accordance with the terms of the Debtor's Chapter 11 Plan as it relates to unsecured claims(Class 7 Claims). |
| Class 4 – Priority Claims | **The claims of priority creditors in Class 4 is unimpaired** | Payment shall be made over a period of five years in equal payments not less often than quarterly. Debtor shall remain current in filing all future tax returns as due, and in paying all assessments when due. |
| Class 5 – General unsecured Claims | **The claims of unsecured non priority creditors may be impaired as to all members within this class.** . | Each holder of an allowed claim in Class 5 will be paid a sum equal to 10 percent (estimated) of the amount of his allowed claim as of the date of filing, to be paid in deferred cash payments over a period not to exceed 60 months from the date of the confirmation order without interest. Such payments to begin after allowed claims of creditors in Class 1 through 4 have been paid in full. |
| Class 6 – The interests of the individual Debtor in the property of the estate. | This class of claims, if any, is impaired, and any payment(s) due shall be paid after payment to creditors in classes One through Five. | |

## ADMINISTRATIVE EXPENSES ESTIMATED DURING PENDENCY OF CHAPTER 11 PLAN

The anticipated cost annually of administrative fees in order to comply with the requirements of the United States Bankruptcy Code is estimated as follows:

| | |
|---|---|
| U.S. Trustee Fees: | $ 2,500.00 |
| Attorney Fees: | 5,500.00 |
| Accountancy Fees: | 3,500.00 |

These fees and costs reflect a case requiring little administration after confirmation other than the preparation and filing of Profit and Loss Statement, monitoring of payments to classes of creditors, and managing correspondence among the parties, professionals retained by Debtor, and creditors of Debtor.

## U.S. TRUSTEE MATTERS

All quarterly fees owing to the United States Trustee and/or other administrative expenses in cash on the effective date of the plan shall be paid in full by the Debtor as such Debt becomes due and payable. This debt shall be classified as an administrative claim and will be entitled to priority of payment. Such payment shall be paid in cash, post-confirmation, pursuant to 28 U.S.C. §1930, as amended. Debtor will file with the U.S. Bankruptcy Court, with a copy to the Office of the U.S. Trustee, his Monthly Operating Report every month following the filing of the Petition for Relief in Bankruptcy, and post-confirmation financial reports, if required, will be filed on a quarterly basis. Upon confirmation of the Chapter 11 Plan, the Office of the United States Trustee, Chapter 11 Trustee herein, is to be discharged of his trust pursuant to 11 U.S.C. §350.

## PENDING CLAIMS AND LITIGATION

Debtor is unaware of any litigation pending against Debtor filed before entry of the Order for Relief in Chapter 11.

## FUNDING OF THE PLAN

Funding for this Plan will come from internally generated funds, and from Partnership with an Investment Group that has proposed to provide significant capital infusions to fund the continued operations of this Debtor. Future business operations, income and expenses is based on historical data and the future business income and expenses.

## LIQUIDATION ANALYSIS

In the event that the Debtor' Plan of Reorganization is not approved by the creditors and confirmed by the Court, the alternative would likely be a dismissal of this Chapter 11 Bankruptcy Case. In the event of Chapter 7 liquidation, the following would be realized by the Chapter 7 Trustee:

| | |
|---|---|
| Total Property Value: | $ 224,850.00 |
| Less: | |
| Schedule D Secured Claims: | $ 950,965.69 |

| | | |
|---|---|---|
| Schedule C Exemptions: | $ | 0.00 |
| Interest in Nonexempt Property: | $ | 42,397.00 |
| Less: | | |
| Schedule E Priority Claims: | $ | 41,211.28 |
| Available to General Unsecured | $ | 0.00 |

      The expenses of administration of a Chapter 7 case of this type is estimated to be $0.00, based on the value of business assets (buildings) that would be available for liquidation by the Chapter 7 Trustee, which would ultimately leave a balance of $ 0.00 available for the payment of claims. The estimated total amount of claims secured by real and personal property payable to Class 2 and 3 Creditors that would be allowed in the Chapter 7 case is 0% after surrender of the real property. The value of the real property owned by Debtor is based upon the value provided to Debtor based on the opinion of St. Louis City Assessor's Office. In a Chapter 7 Case, there would be no funds available to pay creditors.

## STATUS OF CASE

      This Chapter 11 case was filed by Debtor because Debtor is not eligible to be Debtor in any other Chapter of the United States Bankruptcy Code. In the opinion of Debtor, all of his creditors will receive more in this Chapter 11 case than they would have received had Debtor simply surrendered his assets to his creditors.

## SUMMARY OF PROPOSED
## PLAN OF REORGANIZATION

      The Plan of Reorganization proposed by Debtor will pay secured claims in real properties that Debtor will retain in full. The plan will pay dividends totaling 10 percent of the unsecured claims as filed and allowed. The funds for implementing and carrying out the Plan will come from the Debtor's business operations of the Commercial Property. It is estimated that it will take approximately sixty months for Debtor to complete the proposed Plan.

## **CONCLUSION**

      As stated herein, the Debtor' Plan of reorganization contemplates that the Plan will be funded in part from the income derived from Debtor's business operations and from investor infusion of cash into the business. The Plan will allow the Debtor to meet his secured and obligations in full and make payment at ten percent to his unsecured non-priority creditors. The Plan allows the Debtor to continue to generate income and therefore continue to pay his debts. Conversely, dismissal of this case would result in payment in full of none of the claims listed herein. For the reasons stated herein, the Debtor strongly and firmly believes that acceptance of confirmation of his Plan is preferable to any other Plans or means available to this Debtor, and therefore urges acceptance of the Plan of Reorganization.

Approved:

Dated and respectfully submitted this
2nd day of April, 2013                        _____/s/Craig Spruill_____
                                                    CRAIG SPRUILL




____/s/Rochelle Stanton_____
Rochelle D. Stanton, Fed. Bar No. 49641MO
Attorney for Debtor in Possession
745 Old Frontenac Square, Ste. 202
Frontenac, MO  63131
(314) 991-1559 telephone
(314) 991-1183 facsimile
rstanton@rochelledstanton.com

## United States Bankruptcy Court
**Eastern District of Missouri**

In re    **CRAIG SPRUILL, LLC**                                    Case No.    11-48048-399
                                                                      Debtor(s)         Chapter     **11**

### EXHIBITS APPENDED TO
### DISCLOSURE STATEMENT DATED
### APRIL 2, 2013

Craig Spruill, LLC, the Debtor, submits the following Exhibits A and B to Chapter 11 Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code:

### EXHIBIT A
### HISTORICAL INCOME AND EXPENSE DATA

The data listed below is based on historical sales and expenses listed in Debtor' Tax Returns for Calendar Tax Years 2010, 2011 and estimated income for Tax Year 2012.

**Historical Income and Expense Data—Business Income**

|  | Profit from Business Operations | Household Expenses(est.) | Net Income (Loss) |
|---|---|---|---|
| Tax Year 2010 | $ 26,705 | ($21,600) | $5,105 |
| Tax Year 2011 | 13,140 | ($21,600) | ( $8,460) |
| Tax Year 2012 est. | 13,140 | ($21,600) | ($8,460) |

       For each annual period listed above, the Profit/Loss amount includes residential rental property income and business income for operation of Spruill's Nightclub and The Ambassador. In July of 2012, Spruill's Nightclub was closed, and no income was available for any operations at that location. Household expenses are essentially fixed in that Debtor pays the mortgage payments on the residence and rental properties as well as vehicle expenses. As business operations increase, there will be additional income available to Debtor to fund his business operations and the Chapter 11 Plan.

EXHIBIT B

CRAIG SPRUILL

PROJECTED INCOME AND EXPENSE DATA—BUSINESS OPERATIONS

|  | Gross Revenue | Expenses* | Income Available to Creditors |
|---|---|---|---|
| January, 2013(actual) | $19,811 58 | $17,390.29 | $ 2,421.29 |
| February, 2013(actual) | 4,643.00 | 7,134.81 | 2,048 23 |
| March, 2013(est.) | 13,800.00 | 11,500.00 | 2,300.00 |
| April, 2013(est.) | 90,000.00 | 66,500.00 | 25,812.00 |
| May, 2013(est.) | 32,000.00 | 26,500.00 | 5,500.00 |
| June, 2013(est.) | 32,000.00 | 26,500.00 | 5,500.00 |
| July, 2013(est.) | 32,000.00 | 26,500.00 | 5,500.00 |

This Projection reflects Debtor' optimism in the strength and future growth of its business operations after the influx of capital to update and improve the 9800 Halls Ferry property. Fresh artists and concerts will revitalize The Ambassador. Debtor intends to renegotiate its contracts with Community South Bank, and there should easily be sufficient revenue available from operation of the entertainment venues in both the City and County of St. Louis to cover the mortgage debt as well as utilities, the work force and the cost of food and liquor.

*Expenses for the projection are projected business income and expenses from the Debtor's operation of International Catering and International Catering North. The expenses are essentially the same each month, and do not vary greatly, with operating expenses, not including mortgage payments, ranging between a low of $9,000 and a high of $16,000, comprised mainly of utilities, food and liquor, and wages necessary for the continued operations of the business. Average monthly expenses are projected to be about $13,500, not including payments to Community South Bank, and are based on the projected volume of business for the first half of 2013. These projections are based on increased community participation in the events and concerts that will be featured at the nightclubs and the event venue in St. Louis County. Setting the Pace Promotions manages artists nationally known who will draw customers to these venues, thus increasing the revenue available to this Debtor. Debtor projects that payments to Community South Bank will be decreased somewhat during the remainder of 2013, but may increase somewhat after March of 2014.

11